CORNING & HORNER, plaintiffs in error, *agt.* McCULLOUGH, defendant in error.

### Questions discussed.

1. Whether an action brought against a *stockholder* of the Rossie Galena Company, individually, under the act incorporating that company, (*Statutes of* 1837, *p.* 445,) for goods, wares, &c., delivered to the company, is an action founded upon the *statute*, and in the nature of a forfeiture, or upon the *common law liability* of the stockholder, as upon contract?

2. Whether the statute of limitations—*three* or *six* years, applies in such a suit?

3. Where the charter of a company contains an *individual liability clause* against its stockholders, to be enforced only after exhausting the legal remedy against the company, or on dissolution, are the stockholders, notwithstanding, liable at common law, originally and primarily, as partners or members of an unincorporated association?

This was an action brought by Corning and Horner against McCullough, as a stockholder of the Rossie Galena Company, for goods, wares, and merchandize sold and delivered by the plaintiffs to the said Rossie Galena Company. A judgment had previously been obtained by the plaintiffs against this company for the same cause of action; and an execution issued and returned unsatisfied. Whereupon this action was commenced against McCullough, a stockholder, on his *personal liability*, under the provisions of the act of incorporation of the company. (*Statutes of* 1837, *p.* 445.) It is provided by that act, that the stockholders of the corporation shall be jointly and severally *personally* liable for the payment of all debts and demands contracted by the corporation, and that any person having any demand against such corporation, may sue any stockholder or director in any court having cognizance thereof, and recover the same with costs. It is also provided, that before any such suit shall be commenced, judgment shall have been obtained against the corporation, and execution issued thereon, and returned unsatisfied, or that the corporation shall have been dissolved.

The defendant pleaded, (secondly,) that the cause of action

Corning & Horner *agt.* McCullough.

did not accrue within three years next before the commencement of the suit.

To this plea the plaintiffs demurred, and the defendant joined in demurrer.

In the case of Freeland and others *v.* McCullough, (1 *Denio*, 414,) the same plea was put in by the defendant, (the action being the same;) and the supreme court held that it was a bar, under 2 *R. S.* 298, § 31. The supreme court in this case followed that decision.

*D. Burwell*, Attorney and Counsel, and ·
*N. Hill, jr.*, Counsel for plaintiffs in error.

*First.* The supreme court erred in assuming that the action in this case was founded upon the act incorporating the Rossie Galena Company, and not upon a *common law liability*, and that it was therefore an action *upon a statute*, within the meaning of 2 *R. S.* 297–8, § 31. (*Charter, Laws*, 1837, *p.* 445 ; *Another Co.* 1837, *p.* 441.)

1. Independently of the act of incorporation, the members of the company would be liable for its debts as partners, at common law. (*Collyer on Part.* 614, 626, 635, 651, 653.)

2. The legislature, in incorporating the company, expressly refused to exempt them from their common law liability as partners. The charter virtually holds this language to the members : " You may have a corporate capacity for the convenience of transacting business, and the facility of transferring your respective interests in the joint concern ; but you shall *remain* liable to the creditors of the association in *the same manner*, substantially, as though you had *not been incorporated.*" (*Hop. Ch.* 300, 304 ; 19 *J.* 474 ; *Sess. Laws of* 1837, 445–6, §§ 9, 10 ; 2 *Denio*, 119, 123–4 ; *Harger* v. *McCullough*, 2 *Hill*, 268, 269, 270, *Moss* v. *Oakley ;* 3 *Hill*, 188, 190, *Bailey* v. *Bancker ;* 26 *Wend.* 43, 51–2 ; *Van Hook* v. *Whitlock ;* 20 *Wend.* 614, 617, *Ex parte Van Riper ;* 3 *H.* 190 ; 3 *H.* 41 ; 7 *H.* 576.)

3. The action, therefore, is not founded *upon a statute*, but upon the *common law liability* of the defendant to pay for goods sold to the company of which he was a member, he being a *partner*, and responsible as such.

Corning & Horner *agt.* McCullough.

4. Even conceding that the action is founded partly on the act of incorporation, and partly on the common law, which we deny, still the case would not be within 2 *R. S.* 298, § 31. (26 *W.* 51; 7 *Paige*, 380–1, *Van Hook* v. *Whitlock, per Walworth, Chancellor;* 3 *P.* 410.)

*Second.* The supreme court have virtually decided in this case that all *statutory* remedies by action, except those which are given to the people, or a common informer, are embraced by 2 *R. S.* 298, § 31.   This construction will extend the provision to various actions which were plainly not contemplated by the legislature, and is therefore erroneous.

1. Take, by way of example, the following actions, which are mere creatures of the statute, unknown to the common law, viz. :

Actions by and *in the name* of the endorsee of a promissory note, against the maker. (12 *J.* 93; 10 *W.* 343; *Stat. 3d and 4th Ann. ch.* 9, § 1; 11 *Pick. ; Stat. at Large, p.* 106.)

Actions by and *in the name* of the assignee of a chose in action, where the assignor is dead, and there is no executor. (*See* 2 *R. S.* 274, § 5, 2d *ed.*)

Actions by and *in the name* of one purchasing a chose in action at a receiver's sale. (*Sess. Laws of* 1845, *p.* 73.)

Actions by and *in the name* of an assignee of a bond to the sheriff. (2 *R. S.* 436, § 56.)

Actions by and *in the name* of the assignee of a lessor, against the lessee, upon covenants in the lease. (1 *R. S.* 747, § 23.)

Actions against the maker and endorser of a promissory note, *jointly.* (2 *R. S.* 274, § 6, 2d ed.; 1 *R. S.* 748, § 26, *use and occupation ;* 1 *D.* 33; 7 *H.* 86–7.)

Actions by the creditors of a deceased person against heirs, devisees, legatees, and next of kin. (2 *R. S.* 452, 5, § 32.)

Actions by purchasers of real estate sold on execution, against the owner of the judgment, where the title has failed. (2 *R. S.* 375, § 78.)

Actions by mechanics against the owner of a building, to enforce a statutory lien for a debt due from the contractor. (*Sess. Laws of* 1830, *pp.* 412, 413.)

☞ Here *liability* and remedy created by statute. ☜

Actions against the owner of a carriage, for the malicious act of the driver. (1 *R. S.* 696, § 6; 19 *W.* 343; 2 *R. S.* 452,. § 32; *Laws of* 1837, 537; *heirs and devisees*, 2 *Williams Ex.* 1201–2; 7 *East*, 128.)

2. The present action is still further removed from the short limitation clause than those adverted to in the above examples; for it is *founded in contract*, and is *given by the common law* ; whereas they are purely *statutory* remedies.

*Third.* The provision in 2 *R. S.* 298, § 31, was intended to · embrace only actions for *penalties* and *forfeitures*, properly so called, and other actions of the *like nature*.

1. The subject matter which the legislature had in view, when they adopted the provisions in *Art.* 3*d*, of which the · above section is a part, was, actions for *penalties* and *forfeitures*. This they have expressly declared. (*See* 2 *R. S.* 291–2, § 1, *Tit.* 1; 2 *R. S.* 295, *caption of Art.* 2; 2 *R. S.* 297, *caption of Art.* 3.)

☞ 2 *Greenleaf's Laws*, 97, § 13, first enacted—never in England; 1 K. and R. 562, § 6, 1 R. L. 186, § 6, 3d art.—all penalties and forfeitures—(ch. 4, commencement)—*for any forfeiture or cause* that is *creating* the forfeiture or cause—It is not action *on a statute* merely—all that follows qualifies and limits— so of other societies *giving* the penalty or action. *Wadsworth Joint Stock Co.*, 2–5—*McCullough's Com. Dic. Company*— · *Broom's Max.* 249, 253–4. Whole act speaks together—read 2d and 9th sections together. One breath legislature—act don't *create* or *give* us the right we seek to enforce. We have it at Com. Law—Leg. incorporated, but without giving exemption from personal liability. ☜

2. The section was introduced mainly to provide for the case of a penalty or forfeiture given to the *party aggrieved*, which was not embraced by the preceding sections of *Art.* 3*d*. (*See Greenl. Laws of N. Y.* 96 ; 4 *Mod.* 129 ; *Cro. Eliz.* 645; *Noy*, 71; 3 *Leon.* 237.)

3. The word "*cause*" was substituted in this section for the word "*penalty*," used in the preceding ones, from a doubt

Corning & Horner *agt.* McCullough.

whether a statute giving a sum of money or damages, both by way of *remedy* to the plaintiff, and *punishment* to the defendant, could rightly be called a "statute made, &c., for a *penalty*," learned judges having differed upon the question. (*Espinasse on Penal Actions*, pp. 6 to 8 ; *Hardwick's Rep.* 390, 393, *Merrick* v. *The Hundred, &c.* ; 1 *Wilson's Rep.* 125, 6, *Williams* v. *Middleton* ; 2 *Term Rep.* 154 ; 8 *Johns. Rep.* 345 ; 14 *Johns. Rep.* 255 ; 13 *W.* 265 ; 3 *Toml. Law Dict.* 520.)

☞ Some judges say, penalty—some not—some say in the nature of a penalty. ☜

4. By using the word "cause," in the unlimited sense ascribed to it by the supreme court, the word "forfeiture" is rendered entirely inoperative. But the legislature having expressly declared that the subject matter intended to be provided for was actions for penalties and forfeitures, the word "cause," being general and of doubtful import, is to be limited and applied accordingly. (1 *Blackst. Comm.* 60, 61; 1 *Plowden's Rep.* 203–206.)

5. Again, the word "*cause*," being preceded by the word "*forfeiture*," is to be understood as meaning something of the *like nature*, according to the maxim *noscitur a sociis*. Construed in this way, the section will read : "All actions upon any statute made, or to be made, for any forfeiture or *like cause*," &c. (*See Broom's Legal Max.* 294–5; 5 *Barn & Ald.* 164, *Phillips* v. *Barber* ; 4 *Term Rep.* 224, 227, *Evans* v. *Stevens* ; 2 *Moore* 491, 495, *Clark* v. *Gaskarth* ; 8 *Taunt.* 431, *S. C.*)

☞ Constitution supreme court strikes out the word *forfeiture*. ☜

6. This construction harmonizes with the popular and true meaning of the words "*party aggrieved*," which are never used except in reference to one who has suffered from some *tortious* act or omission of another.

*Fourth.* The action is embraced by that part of the statute limiting the right of suing to six years. (2 *R. S.* 295, § 18; 3 *R. S.* 702, *Reviser's Notes.*)

1. It is within the express terms of the 4th subdivision of the above section; being an action of "*assumpsit*, or *on the case*, founded on a *contract* or *liability*, express or *implied*."

Corning & Horner *agt*. McCullough.

2. None of the reasons which induced the legislature to prescribe a short period of limitation for *punitory* or *penal* actions apply to this case. It is an action upon a demand for goods sold, and is entitled to as much favor as other actions of the same general character. (20 *Wend*. 614, *ex parte Van Riper*.)

3. If the supreme court are right, however, the action would be barred absolutely after *three* years, and the plaintiff would be entitled to none of the exceptions on account of disability, absence from the state, &c., which apply to other actions of *assumpsit*, and even of *tort*. (*See* 2 *R. S.* 296, 7, §§ 24, 26, 27; 2 *R. S.* 298, § 32.)

*Fifth*. If it be doubtful, upon a view of the whole scheme of legislation on this subject, whether the *three* years' limitation, or the *six*, is applicable to actions like the present, that construction should be adopted which will preserve the remedy the longest. (*Blanchard Limit*. 2–4.)

1. By the common law, a suitor had an *unlimited* time within which to sue, the maxim being that "a right never dies." (*Wilkinson on Lim*. 1, 2.)

2. The " statute of limitations, being in restraint of right, is to be construed strictly;" i. e. so as to *continue* and *preserve* the right, rather than to *abridge* or *destroy* it. (14 *Johns. Rep.* 480, *per Van Ness, J.; 2 Bos. & Pull*. 546–7, *per Heath, J.*)

3. " The better construction of a statute is always to expound it as near the rules of the common law as may be." (11 *Mod. Rep.* 150, *Arthur* v. *Bokenham; 1 Saund. Rep.* 240; 10 *Johns. Rep.* 579, 580.)

4. " Statutes are not presumed to alter the common law *further* or otherwise than is clearly expressed." (6 *Dane's Abr.* 589, *pl*. 20; 11 *Mod. Rep.* 150, *Arthur* v. *Bokenham; 10 Johns. Rep.* 579, 580; *Bac. Abr. tit.* " *Statute* " (1) 4; *Ram on Leg. Judgm*. 160.)

D. BURWELL & N. HILL, JR., *of Counsel*.

☞ *Burwell in reply. Hist*. 13 *sec*. 13 *Eliz*.—passed before general statute limitations—Has two clauses of 13 sec. of 1788.—Has been held that where action given *to party grieved*, not within 13 *Eliz*.—Revisers 1788 provided for that case.—

---
Corning & Horner *agt*. McCullough.
---

Meant to provide for case where given to party aggrieved *eo nomine*—no other. (1 *Tidd's Pr.* 13, cites a case)—*cause*—means where limited to *the party aggrieved*—those words must be found with it.

Article 3 and 4, 4 ch., 42, § 3, 1833, provides for actions in favor of *party grieved*.—Cause—means nothing except in connection with what the speaker is saying—don't add or enlarge. —*R. S. 1st sec.*, *3d art.*, expressly enacts that the article is of *penalties and forfeitures*—not of actions given by statute.

This was brought to notice of supreme court on argument there—not noticed in opinion—is conclusive.—No saving clause in this statute, as in general statute in favor of minors, &c., or where defendant out of the state, &c. ; 20 *J.* 472, mentioned by Revisers in their notes—must be an action on a particular kind of statute. (*Bull. N. P.* 183.) Two kinds of actions on statute—*Bac. Ab. Action quitam*—did not mean statutes of purely civil character.

At an early day all actions by party aggrieved, he sued *quitam*. (1 *P. Williams*, 687 ; *Cro. J.* 134,)—reason, because fine due, looking when any statute was violated.—(1 *Ch. Cas.* 204,)—stockholders held personally liable.—Is no adjudged case to the contrary,—I don't say it is law—but there is such a case.—*Ram, Legal Judgm.* 156,—novelty.

Pleading this statute, as in this case is a novelty.

The case of Freeland and others, plaintiffs in error *agt*. McCullough, defendant in error, was submitted to abide the decision in this case. The same questions in each suit. *George Bowman*, attorney and counsel for the plaintiffs in error, whose points in that case are here inserted. The same attorney and counsel for defendant in error as in the case of Corning and Horner.

*First*. The limitation of the action in this case was *six* years and not *three*, and the supreme court erred in deciding the contrary, because,

1. The language of the six years' limitation (2 *R. S. p.* 296, *sec.* 18, *sub.* 1, *2d ed. p.* 224) plainly embraces the cause of action in this case, it being debt on "*a liability not under seal.*"

2. The former statute was different, omitting the words "*liability not under seal ;*" (*see Laws* 1813, *p.* 186 ;) and under the

*former* statute, the cause of action in the present case was apparently not embraced in the six years' limitation.

3. The case of Van Hook v. Whitlock (2 *Edwards Chan. Rep.* 304; 3 *Paige Rep.* 409; 7 *Paige Rep.* 373; 26 *Wend.* 43) arose under the *former* statute. Hence it is plainly no authority here. The whole argument in support of the view of the statute of limitations, taken by the chancellor in that case, was founded, on the want of language in the old statute which would enable the court to apply the six years' limitation.

But the chancellor expressly said, in that very case, (3 *Paige* 416,) that under the *Revised Statutes* the six years' limitation would apply.

But in fact that case can be held to establish nothing on the question, as it finally was decided on other grounds, and the doctrine now claimed to be supported by it, was in the final decision repudiated. (*Van Hook* v. *Whitlock*, 26 *Wend.* 43.)

4. Under a similar statute to our former statute, the English courts have held that twenty years' limitation only applied to causes of action founded on statute. (*Jones* v. *Pope*, 1 *Saund.* 36, 37, *in notes ; see also Bell* v. *Bullard*, 1 *Mason*, 243; 1 *Chit. Pl.* 120; *Pease* v. *Howard*, 14 *Johns.* 480.)

5. It appears that the change in the phraseology of the statute was made for the purpose of applying the six years' limitation to cases like this. (*See notes of Revisers*, 3 *R. S.*, 2d ed., 702.)

*Second.* The three years' limitation (2 *R. S.* 2 ed. 225, *sec.* 31; 1*st ed.* 298) is, in its language, its spirit, and its policy, only applicable to actions for penalties and forfeitures, and things in the nature of penalties and forfeitures.

This is all substantially declared in the title of the article in which the section in question is contained, and in the index of reference to this particular section, and in the general index. (*And see the opinion of Nelson, C. J., in Van Hook* v. *Whitlock*, 26 *Wend.* 51–53.)

And clearly, upon all the received rules of construction, every word in the section must be kept within the scope of the declared subject matter of the article, and must be construed so as to assimilate and harmonize with the context.

*Third.* There is nothing in the cause of action in the present

case in the nature of a penalty or forfeiture. It springs solely from contract. (*Bronson, J., in Moss* v. *Oakley,* 2 *Hill,* 268–270; *Cowen, J., in Moss* v. *McCullough,* 5 *Hill,* 131; *Hopkins* v. *Haywood,* 13 *Wend.* 265, *and see fifth point and cases cited.*)

*Fourth.* The judgment below cannot, it is conceded, be sustained, unless by establishing the broad rule that all actions, of whatever nature, founded on statutes, are barred in three years. An examination of various statutory provisions, by which alone certain actions can be sustained, will make it manifest that such a rule was never in the intention of the legislature, and must prevent the recognition of such a rule.

The action for use and occupation of land is given by statute, (1 *R. S.* 748, *sec.* 26; *Id.* 2d ed. 739,) and would not lie but for the statute, without an express promise. (*Smith* v. *Stewart,* 6 *Johns. R.* 48; *Chit. Pl., Springfield ed. of* 1833, *p.* 120.)

See also section 27 of same statute, (1 *R. S.* 748,) which is for a penalty, and no doubt subject to the three years' limitation. (*Beardsley, J., in Wood* v. *Wilcox,* 1 *Denio,* 38; *and in Cleves* v. *Willoughby,* 7 *Hill,* 86, 87.)

By endorsee in his own name against maker. (*Stat.* 3d *and* 4th *Anne, ch.* 9, *sec.* 1; 11 *Pick. Stat. at large,* 106; *Pierce* v. *Crafts,* 12 *Johns. R.* 93; *Wilmarth* v. *Crawford,* 10 *Wend.* 343.)

Against maker and endorser jointly. (2 *R. S.* 2d ed. 274, *sec.* 6.)

By purchaser at receiver's sale in his own name. (*Laws* 1845, 73.)

By mechanic against owner to enforce lien. (*Laws* 1830, *p.* 412.)

Against owner of a carriage for negligence of driver. (1 *R. S.* 696, *sec.* 6; *Wright* v. *Wilcox,* 19 *Wend.* 343.)

Against heirs jointly for debts of testator. (*Laws* 1837, 537, *sec.* 73.)

By assignee of bond of deceased person leaving no executor, in his own name. (2 *R. S.* 2d ed. 274, *sec.* 6.)

By assignee of bond to sheriff, in his own name. (2 *R. S.* 2d ed. 444, *secs.* 26, 27; *Id.* 354, *secs.* 58, 59.)

By purchaser of real estate sold on execution, against execution creditor. (2 *R. S.* 2d ed. 298, *sec.* 72.)

*Fifth.* Were the words of the 31st section in question, or rather the word "cause" in that section contained to receive the broadest possible construction, uncontrolled by the context or the subject matter of the article, to wit, "penalties and forfeitures"—and were it to be admitted that by this section all actions founded on statutes are barred in three years—yet it would not affect this case, because,

This action cannot be said to be founded on a statute. It can only be said that the legislature *have refused to deprive us of our common law remedy against the members of this company as partners,* and have left that remedy entire. We have been preserved the right of suing for this debt *the parties who contracted it*—that is all. (*McCullough's Com. Dict., Title "Companies;" Wordsworth on Joint Stock Companies,* 2–5; *Moss* v. *Oakley,* 2 *Hill,* 268, 269, 270; *Van Hook.*v. *Whitlock,* 26 *Wend.* 51, 52; *Penniman* v. *Briggs, Hopk. Ch. R.* 300, 304; *Ex parte Van Riper,* 20 *Wend.* 616; *Collyer on Partnership,* 626; *Slee* v. *Bloom,* 19 *Johns.* 473, 474; *Harger* v. *McCullough,* 2 *Denio,* 123; *Bailey* v. *Bancker,* 3 *Hill,* 190.)

*Sixth.* The judgment of the court below should be reversed with costs, with judgment for the plaintiffs on the demurrer.

GEO. BOWMAN, *of Counsel.*

*J. C. Smith, Attorney and Counsel, and*
*John Van Buren, Counsel* for defendant in error.

*First.* All actions upon any statute, for any cause, the benefit and suit whereof is limited to the party aggrieved, should be commenced within three years after the cause of action accrued. (10 *Pick.* 123, 371–2; 2 *R. S.* 225, § 31, *new edition;* 1 *Rev. Laws,* 186, § 6.)

*Second.* This action is brought upon the statute incorporating the Rossie Galena Company. (*Sess. Laws,* 1837, 445; *Bullard* v. *Bell,* 1 *Mason's Rep.* 243; *Heacock* v. *Sherman,* 14 *Wend.* 58.)

*Third.* This action was not commenced within three years after the cause of action accrued. Therefore the plea of the statute of limitations of three years is good, and affords a bar to the recovery of the plaintiffs in this action. (*Van Hook* v.

---

Corning & Horner *agt.* McCullough.

---

*Whitlock,* 2 *Edw.* 304; *same case,* 7 *Paige,* 373; *same again,* 26 *Wend.* 43.)

JESSE C. SMITH, *Attorney, and of Counsel.*

☞ Treated as *sureties,* not partners, (5 *H.* 131.) Reversed last fall—but the opinions speak of them as sureties of the company, (6 *Wend.* 357.) OLIVER, Senator, (15 *Wend.* 249; 13 *Pick.* 484; 24 *Wend.* 473; *Wordsworth Joint Stock, appendix,* 16.) Acts of parliament are not incorporated. Sue an officer—execution against all the stockholders—(on motion to court,—(*Burwell*—distinction between them and corporations)— *Angel and A. on Corp. p.* 2–5, 531, *last ed.;* 2 *Greenl.* 93, *Act of* 88.)

Section 13 is one in question—same as *R. S.* in substance— (*Hill,* read residue of same section—says *offence*)—taken from 31 *Eliz.* (*L.* 1825, *p.* 448, § 2, 3; 2 *R. S.* 397, § 44.)—Most of the difficulties put by the other side, are where it only goes to the *remedy—liability* existed *independent of statute.*—Not partners, for they are liable *severally* by statute, as well as jointly.

*As to policy of the statute.*—Eng. Joint Stock Act limits action, (P. W.) Mass. limits to one year after ceasing to be a member. (*Angel and A. p.* 549, 3*d ed.*)

*Van Buren, Attorney-General,* same side.

Action is founded on the statute : see declaration. Moss *v.* McCullough, in Court of Errors, PUTNAM, Sen. (5 *Connt.* 28; 3 *Connt.* 54; 8 *Mass.* 472; 17 *Mass.* 64, 330; 10 *Connt.* 409; *Laws,* 1818, *ch.* 183; *L.* 1821–1826, *ch.* 137; blank *Pick.* 123; 5 *Hill,* 134–136.) Judgment against corporation is evidence—evidence against the stockholder.

Not partner, 3 *Hill.* ☞

DECISION. Judgment of the supreme court reversed, and judgment for plaintiffs on demurrer.

JONES, J. delivered the opinion of the court, in which BRONSON, J. concurred in a short opinion. JEWETT, Ch. J., dissented.

NOTE. The court decided that the suit was not an action upon a statute for a forfeiture or cause, the benefit and suit whereof is limited to the party aggrieved,.

therefore not barred by the short statute (*three* years) of limitation : that *six* years' statute of limitations applied in such suits.

The court *held*, that the stockholder was originally and primarily liable, like partners or members of an unincorporated association. His liability was not created by statute.

. *Reported,* 1 *Comstock,* 47.